**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DWAYNE S. JOHNSON, <br><br> **Plaintiff,** <br><br> v. <br><br> LAURA BILOTTA, et al., <br><br> **Defendants.** | Civil Action No. 16-8879 (ES) (JAD) <br><br> **OPINION** |

SALAS, DISTRICT JUDGE

## I.      INTRODUCTION

Plaintiff Dwayne S. Johnson, a prisoner currently confined at New Jersey State Prison, brings this Complaint asserting claims pursuant to 42 U.S.C. § 1983 arising from his trial and conviction in November 2014.  (D.E. No. 1).  Plaintiff has previously been granted *in forma pauperis* in this matter.  (D.E. No. 6).  The Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may by granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons explained below, the Court will grant Plaintiff's motion to amend the caption of his Complaint to include additional defendants, will dismiss the Complaint in its entirety for failure to state a claim upon which relief may be granted and because it seeks monetary relief from immune defendants, and will grant Plaintiff thirty days to file an amended complaint, should he elect to do so.

## II.    FACTUAL BACKGROUND

Plaintiff filed his Complaint in November 2016 and named as defendants: Laura Bilotta, whom he identifies as an Assistant Deputy Public Defender; the Office of the Public Defenders; and Dr. Leanne Cronin, whom he identifies as an Assistant Medical Examiner.  (D.E. No. 1 at 4-5).  Plaintiff's claims primarily concern his criminal trial and subsequent conviction for the murder of Terrence Everett.  (*Id*. at 6).  He asserts that Defendant Bilotta and the Office of the Public Defenders ignored his requests for pre-trial hearings, failed to properly examine the State's medical examiner, and failed to raise exculpatory evidence.  (D.E. No. 1 at 6-7).  He further alleges that Defendant Cronin gave a "false declaration of death" and she was not "qualified or authorized" to testify.  (*Id*. at 5).

On January 6, 2017, Plaintiff filed an Amended Complaint naming additional defendants and including additional facts to support his claims.  (D.E. No. 4).  He names Detective Lovejoy, Detective of the Newark Police Department; Paul Bradley, Assistant Prosecutor of the Essex County Prosecutor's Office; and Honorable Michael L. Ravin, Judge of the Superior Court, as defendants in his action.  (D.E. No. 4-2 at 1-2).  Plaintiff asserts claims against Detective Lovejoy for a violation of Plaintiff's "civil rights and liberties," against Paul Bradley for "intentionally with[holding] … exculpatory evidence," and against Judge Ravin for failure to suppress evidence, failure to consider Plaintiff's mental health history, and failure to grant Plaintiff's motion for acquittal.  *Id*. at 3-7.

In two letters to the Court in June 2017, Plaintiff requests leave to amend the caption of his Complaint to include the additional defendants and reiterates in much detail his allegations against the defendants.  (D.E. Nos. 7-10).  With respect to relief sought, Plaintiff states, "[t]here is no

amount of money that can pay for the injustice that's done. I will leave it up to the Court." (D.E. No. 1 at 9).

Because courts are required to liberally construe pleadings drafted by *pro se* parties, *see Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)), this Court will construe the original Complaint, as well as the Amended Complaint together, grant Plaintiff's motion to include the additional defendants in his caption, and include the additional facts in his Complaint. However, Plaintiff is cautioned that in the future he must submit one all-inclusive pleading. Plaintiff's original Complaint was filed on November 30, 2016 and Plaintiff's Amended Complaint was filed on January 6, 2017.

## III. <u>STANDARD OF REVIEW</u>

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'" *Id.* In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala*, 704 F.3d at 245.

## IV.    ANALYSIS

### a.    Challenge to State Court Criminal Conviction

The Court first notes that Plaintiff appears to challenge his State Court criminal indictment and conviction. Thus, the majority of his challenge must be addressed as a habeas petition under 28 U.S.C. § 2254. To the extent Plaintiff is dissatisfied with the outcome of his State Court conviction, his recourse is to exhaust state law remedies and, if he has constitutional challenges to his conviction, he can file a habeas petition in this Court under 28 U.S.C. § 2254.[1] *See Love v. Middlesex Cty. Pros. Office*, No. 11-4154, 2012 WL 124031, at *3 (D.N.J. Jan. 17, 2012). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Brown v. Fauver*, 819 F.2d 395, 397 (3d Cir. 1987). Therefore, Plaintiff cannot challenge his State Court criminal conviction in this § 1983 action.

---

[1]    Plaintiff's conviction was affirmed on direct appeal, *State v. Johnson*, No. A-2758-14T3, 2017 WL 2333071 (N.J. Super. Ct. App. Div. May 30, 2017), and his petition for certification was denied on November 17, 2017, *State v. Johnson*, No. 079527, 2017 WL 5594126 (N.J. Nov. 17, 2017). However, there does not appear to be any record indicating that Plaintiff has filed for post-conviction relief.

Moreover, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "a §
1983 cause of action for damages attributable to an unconstitutional conviction or sentence does
not accrue until the conviction or sentence has been invalidated." *Id*. at 489-90. Here, Plaintiff
has not pleaded that he had any convictions or sentences overturned. Thus, his claims are not ripe
for consideration of monetary damages, to the extent Plaintiff is seeking damages.[2] Nevertheless,
the Court will also address Plaintiff's claims under § 1983 below.

### b. § 1983 Claims

The Court will also consider Plaintiff's claims to the extent they could be construed as
properly brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

To recover under this provision, two elements must be shown. First, a plaintiff "must establish
that the defendant acted under color of state law," and second, that the plaintiff has been deprived
of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)
(citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, Plaintiff's filings may also be raising § 1983
claims for malicious prosecution against Defendant Cronin, Sixth Amendment claims of
ineffective assistance of counsel against Defendant Bilotta and the Office of the Public Defender,
and due process violations against Defendant Lovejoy.

---

[2] Plaintiff has not specifically asserted what relief he is seeking. As previously noted, he states, "[t]here is no
amount of money that can pay for the injustice that's done. I will leave it up to the Court." (D.E. No. 1 at 9).

### 1. Allegations Against the Office of the Public Defender

From the outset, the Court will dismiss with prejudice all claims against the Office of the Public Defender, because it is not an entity amenable to suit under § 1983. It is well established that "the Office of the Public Defender is not amenable to a § 1983 action as it is not a person within the meaning of § 1983." *Davis v. Brocado*, No. 13-1133, 2014 WL 1607359, at *4 (D.N.J. Apr. 22, 2014); *see also Souels v. McGuigan,* No. 13-0935, 2013 WL 822267, at *1 (D.N.J. Mar. 6, 2013) (dismissing the Office of Public Defender as not amenable to a § 1983 suit). Accordingly, the claims against the Office of the Public Defender will be dismissed with prejudice.

### 2. Judicial Immunity for Defendant Judge Ravin

The Court will also dismiss with prejudice all § 1983 claims against Defendant Judge Ravin. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006); *see also Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."). The Supreme Court has identified two exceptions to this rule. "First, a judge is not immune from liability for non-judicial acts, i.e., actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). To determine whether an act qualifies as a judicial act, courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

All of the allegations made in the Complaint with respect to Judge Ravin relate to actions he took in his capacity as a judge. The Plaintiff asserts: he "requested a different attorney" but Judge Ravin denied his requests, Judge Ravin failed to suppress video footage of the incident, he erroneously denied Plaintiff's "motion for a judgement of acquittal," he erroneously permitted certain expert testimony to proceed, and he erred in refusing to grant Plaintiff "a defense of diminished capacity or insanity." (D.E. No. 4-2 at 6-8). Because Plaintiff has not relayed any facts that demonstrate Judge Ravin performed non-judicial acts with respect to Plaintiff, nor that Judge Ravin performed actions in the clear absence of jurisdiction, the Court will dismiss with prejudice the § 1983 claims against this Defendant.

### 3. Claims for Ineffective Assistance of Counsel Against Defendant Bilotta

Plaintiff's Sixth Amendment claims of ineffective assistance of counsel against Defendant Bilotta are likewise dismissed because "ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983." *Introcaso v. Meehan*, 338 F. App'x 139, 142 (3d Cir. 2009) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (no state action for purposes of § 1983 where public defender represented defendant in criminal matter). This is because a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk,* 454 U.S. at 325. Instead, any claim concerning a violation of a Plaintiff's right to effective assistance of counsel "must first be exhausted via state court remedies, *i.e.,* by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254." *Badger v. Callahan*, No. 08-5407, 2008 WL 4936976, at *4 (D.N.J. Nov. 17, 2008). Plaintiff's claims that Defendant Bilotta ignored his requests for several hearings, failed to appropriately investigate the State's medical examiner, and failed to raise his mental health illnesses (D.E. No. 1 at 6-8) all

concern traditional functions by counsel in representing a defendant in a criminal proceeding. For these reasons, the Court will dismiss with prejudice Plaintiff's Sixth Amendment § 1983 claims of ineffective assistance of counsel against Defendant Bilotta.

### 4. Prosecutorial Immunity for Defendant Bradley

Furthermore, Plaintiff's claims against Defendant Bradley in his official or individual capacity must be dismissed because he is absolutely immune from liability for damages.[3] To the extent Plaintiff is suing Defendant Bradley in his official capacity, this fails, as "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *See Hafer v. Melo*, 502 U.S. 21, 27 (1991); *see also Bayete v. Ricci*, 489 F. App'x 540, 542 (3d Cir. 2012). And to the extent Defendant Bradley is being sued in his individual capacity, that also fails because the Defendant is absolutely immune. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. *Imbler v. Pachtman,* 424 U.S. 409, 410 (1976). "Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993). Nevertheless, a prosecutor is not entitled to absolute immunity for actions undertaken in some other function. *See, e.g.*, *id.* at 276-78 (prosecutor not entitled to absolute immunity when holding press conference or fabricating evidence). *See also Yarris v. Cty. of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006) (prosecutor not entitled to immunity when deliberately destroying or failing to preserve exculpatory evidence).

---

[3]     While Plaintiff is not clear as to what relief he is seeking with respect to this Defendant, the Court construes Plaintiff to be asking for damages. If Plaintiff is seeking injunctive relief through the immediate release from prison, his claims must be addressed as a habeas petition under 28 U.S.C. § 2254 and are not appropriately brought via a § 1983 complaint. *See Preiser*, 411 U.S. at 500.

Here, Plaintiff's allegations against Defendant Bradley, that he "intentionally withheld . . . exculpatory evidence" regarding details of Mr. Everett's death, and "solicited [expert testimony] to obtain a guilty verdict by sabotaging the trial process" all concern the scope of prosecutorial duties.  (D.E. No. 4-2 at 3).  "It is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity." *Yarris*, 465 F.3d at 137;  *see also Imbler*, 424 U.S. at 431-32 n. 34 (1976) (explaining that the "deliberate withholding of exculpatory evidence" is considered within the realm of "legitimate exercise of prosecutorial discretion"); *Hauptmann v. Wilentz*, 570 F. Supp. 351, 366 (D.N.J. 1983), *aff'd*, 770 F.2d 1070 (3d Cir. 1985) ("There can be no doubt that a prosecutor is absolutely immune from suit for damages [on claims of] false testimony or his suppression of exculpatory evidence at trial.").  Furthermore, that a prosecutor had an illicit or even criminal motive is irrelevant to his immunity so long as he or she was performing a prosecutorial function.  *See Duffy v. Freed*, No. 09-2978, 2010 WL 3740659, at *2 (D.N.J. Sept. 17, 2010) *aff'd*, 452 F. App'x 200 (3d Cir. 2011) (citing *Rose v. Bartle*, 871 F.2d 331, 347 n.12 (3d Cir. 1989)); *Jennings v. Shuman*, 567 F.2d 1213, 1221-22 (3d Cir. 1977) ("[A] prosecutor is entitled to absolute immunity while performing his official duties as an officer of the court, even if, in the performance of those duties, he is motivated by a corrupt or illegal intention.").  For these reasons, Defendant Bradley is immune from prosecution and Plaintiff's claims as to this Defendant are dismissed with prejudice.

### 5.  Defendant Cronin

The Court will also dismiss the § 1983 claims against Defendant Cronin regarding her testimony, because she is immune from liability as a witness.  "Witnesses, including public officials and private citizens, are immune from civil damages based upon their *testimony*." *Hughes*

*v. Long,* 242 F.3d 121, 125 (3d Cir. 2001) (citing *Briscoe v. LaHue,* 460 U.S. 325, 341, 345-46 (1983) (emphasis added)). "The immunity is absolute . . . [it] applies equally to the testimony of ordinary citizens and law enforcement officials, including 'coroners, medical examiners, psychiatric experts, and social workers.'" *Peterson v. Bernardi*, 719 F. Supp. 2d 419, 430 (D.N.J. 2010) (internal citations omitted) (citing *Briscoe*, 460 U.S. at 342 n. 27). Further, the "Supreme Court adopted the immunity mindful that it would shield even witnesses who give knowingly false testimony to unjustly convict an innocent criminal defendant." *Peterson,* 719 F. Supp. 2d at 430 (citing *Briscoe*, 460 U.S. at 345).

Plaintiff asserts that at trial Defendant Cronin "testified that she DID NOT examine the brain" (D.E. No. 4-2 at 3), and therefore she could not have "concluded that the deceased had died from a fatal concussion as a result from blunt force trauma." (D.E. No. 1 at 6). With respect to any claims surrounding Defendant Cronin's testimony at trial, Defendant Cronin is absolutely immune from a suit for § 1983 damages, regardless of her truthfulness and motivations.

Plaintiff also asserts, however, that Defendant Cronin gave a "false declaration of death," and that her opinion was "specious, unqualified and unauthorized . . . as to the cause of death" of the victim. (D.E. No. 1 at 5, 7). With respect to allegations surrounding Defendant Cronin's non-testimonial conduct, she is not absolutely immune. *See Peterson*, 719 F. Supp. 2d at 430 (citing *Moldowan v. City of Warren,* 578 F.3d 351, 390 (6th Cir. 2009) ("Absolute immunity insulates a witness from liability only for her testimony, not her out-of-court conduct.").

Nevertheless, it is not clear what § 1983 claim Plaintiff is alleging against Defendant Cronin. If it is one for malicious prosecution, that fails because Plaintiff has not shown favorable termination of his criminal proceeding. To prevail on a § 1983 claim for malicious prosecution, a Plaintiff must show: "(1) the defendants initiated a criminal proceeding; (2) the criminal

proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003)). For these reasons, the Court dismisses with prejudice all § 1983 claims as to Defendant Cronin's witness testimony, and without prejudice as to Defendant Cronin's non-testimonial conduct until such time as Plaintiff can demonstrate that his conviction has been successfully overturned.

### 6. Defendant Lovejoy

The Court dismisses Plaintiff's claims against Defendant Lovejoy without prejudice for failure to state a claim. Plaintiff alleges that Detective Lovejoy and the Newark Police Department "violated [Plaintiff's] civil rights and liberties" because "the police had a 'special relationship' with [the victim, Mr. Everett]" and should have taken seriously Plaintiff's complaint to the Newark Police Department regarding Mr. Everett. (D.E. No. 4-2 at 4). He explains that Mr. Everett, "a 7 time felon . . . was out on bail, pending an assault charge . . . came to [Plaintiff's] home with an accomplice and attacked [my fiancé] and I with bats. The police were called and a complaint was filed," but the complaint was not taken seriously.[4] *Id.*

Plaintiff appears to be alleging that his substantive due process rights were violated under the Fourteenth Amendment because the defendant failed to act on his complaint to the Newark

---

[4] While this claim appears somewhat unrelated to the remaining claims, *see* Fed. R. Civ. P. 20(a)(2)(a) (permitting joinder of defendants only where a right to relief arises out of the same transaction or occurrence); *Pruden v. SCI Camp Hill*, 252 F. App'x. 436 (3d Cir. 2007), for the purposes of this screening opinion, this Court will allow the claim against this Defendant to proceed. *See Mala*, 704 F.3d at 245 (requiring courts to liberally construe pleadings drafted by *pro se* parties). Further, Plaintiff notes that after Mr. Everett came to his home the first time and the police were called but failed to take action, "nine days later . . . Everett is back in front of my home where he initiates the fight that led to his death." (D.E. 4-2 at 4). Based upon these facts, it is possible to construe this claim as related; had the police taken action, perhaps Mr. Everett would not have returned to the home and been killed, resulting in Plaintiff's ultimate trial and conviction.

police department. Unlike Plaintiff's other claims, this claim does not directly involve his trial. "The Due Process Clause of the Fourteenth Amendment provides that '[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law.'" *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 194 (1989). However, "[n]othing in the language of the Due Process Clause itself requires the State to protect its citizens' life, liberty, or property from private harms." *Ye v. United States*, 484 F.3d 634, 636 (3d Cir. 2007) (citing *DeShaney*, 489 U.S. 189 at 195). "The Supreme Court has long recognized that the Constitution generally confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* (citing *DeShaney*, 489 U.S. 189 at 195) (internal quotations omitted). "There are, however, two exceptions to this rule: the 'special relationship' exception and the 'state-created danger' exception." *Id.* at 637. The special relationship exception "allows a plaintiff to recover when the state enters into a special relationship with a citizen and 'fails to protect the health and safety of the citizen to whom it owes an affirmative duty.'" *Lockhart v. Willingboro High Sch.*, 170 F. Supp. 3d 722, 731 (D.N.J. 2015) (citing *D.R. v. Middle Bluks Area Vocational Technical Sch.*, 972 F.2d 1364, 1639 (3d Cir. 1992)). "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Morrow v. Balaski*, 719 F.3d 160, 167-68 (3d Cir. 2013). *See*, *e.g.*, *id.* at 167 ("relationships between the state and its incarcerated or involuntarily committed citizens it the kind of 'special relationship' that creates an affirmative duty upon the state …"). Here, however, Plaintiff has not alleged that he was in custody at the time he submitted his complaint to the police department and, therefore, did not enter into a "special relationship" with them.

Nor can Plaintiff rely on the state-created danger exception. The elements of a state-created danger claim are: "(1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." *Bright v. Westmoreland Cty.,* 443 F.3d 276, 281 (3d Cir. 2006) (internal citations and quotations omitted).

Under the fourth element of this claim, "liability . . . is predicated upon the state's *affirmative acts* which work to the plaintiff's detriments in terms of exposure to danger, and we have never found a state-created danger claim to be meritorious without an allegation and subsequent showing that state authority was affirmatively exercised." *Caissie v. City of Cape May*, 619 F. Supp. 2d 110, 123 (D.N.J. 2009) (citing *Walter v. Pike County*, 544 F.3d 182, 194 (3d Cir. 2008)). In *Walter*, the Third Circuit upheld the district court's decision granting qualified immunity to officers, denying a state-created danger theory of liability. *Walter*, 544 F.3d at 196. There, Plaintiffs alleged the officers' decision not to re-arrest the suspect after he exhibited threatening behavior, not to seek revocation of his bail, and not to warn the victim about the suspect, should have made them liable under a theory of state-created danger. *Id*. at 194. The Court disagreed, explaining "[w]e have squarely held that 'failing to more expeditiously seek someone's detention,' and failing to arrest someone who poses a threat, are not themselves affirmative uses of authority within the meaning of the state-created danger doctrine." *Id*. at 194 (citing *Bright*,

443 F.3d at 284); *see also Estate of Soberal v. City of Jersey City*, 334 F. App'x 492, 495 (3d Cir. 2009).

Here, despite the fact that, according to Plaintiff, Mr. Everett had a history of felonies and was out on bail at the time Plaintiff committed his crime, Plaintiff cannot prevail on a theory of state-created danger. This is because Plaintiff's allegations against Defendant Lovejoy relate only to inaction—his failure to act on the complaint filed by Plaintiff. Plaintiff does not point to any affirmative acts taken by Defendant Lovejoy and fails under the fourth element of the state-created danger theory of liability. Therefore, Plaintiff's claims as to this defendant are dismissed without prejudice for failure to state a claim.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Plaintiff's motion to amend the caption of his Complaint to include the additional defendants, and dismiss Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss with prejudice the § 1983 claims against Assistant Deputy Public Defender Laura Bilotta, the Office of the Public Defenders, Assistant Prosecutor Paul Bradley, Honorable Michael L. Ravin, and Assistant Medical Examiner Dr. Leanne Cronin's testimony, as they are all immune from suit or not amenable to suit under 42 U.S.C. § 1983. The Court will dismiss without prejudice the § 1983 claims against Defendant Cronin's non-testimonial conduct until such time as Plaintiff can demonstrate his State Court criminal conviction has been overturned. The Court will also dismiss without prejudice the § 1983 claims against Defendant Lovejoy for failure to state a claim upon which relief may be granted. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**