**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DWAYNE S. JOHNSON, | Civil Action No. 16-8879 (ES) (JAD) |
| Plaintiff, | |
| v. | OPINION |
| LAURA BILOTTA, et al., | |
| Defendants. | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court by way of Plaintiff's Motion to Amend the Complaint. (ECF No. 18). The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motion to the undersigned. In accordance with Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of Plaintiff's submission and the balance of the record for this matter, and for the reasons stated below, Plaintiff's Motion is **DENIED**.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff originally filed his Complaint on November 30, 2016, along with an implicit application to proceed in forma pauperis. (ECF No. 1). In that pleading, which concerned Plaintiff's trial and conviction for the murder of Terrence Everett, Plaintiff asserted claims pursuant to 42 U.S.C. § 1983 against Assistant Deputy Public Defender Lauren Bilotta, the Office of the Public Defender, and Assistant Medical Examiner Dr. Leanne Cronin. (See generally ECF No. 1). By Memorandum and Order dated January 3, 2017, Judge Salas denied Plaintiff's informal in forma pauperis request, without prejudice to Plaintiff's ability to file a well-supported application. (ECF No. 3). Plaintiff did so, (ECF No. 5), and Judge Salas permitted him to proceed

in forma pauperis by Order dated May 17, 2017. (ECF No. 6). On or about June 5, 2017, Plaintiff filed a motion for leave to amend his pleading to include claims against prosecutor Paul Bradley, the Hon. Michael L. Ravin, J.S.C., and Detective Lovejoy of the Newark Police Department. (ECF No. 7).

In light of Plaintiff's pro se status, Judge Salas construed Plaintiff's original Complaint and his proposed amendments together. (Jan. 23, 2018 Opinion at 3, ECF No. 11). Her Honor then screened that unified pleading for sufficiency pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(b) and dismissed Plaintiff's claims in their entirety. (See generally id.; Jan. 23, 2018 Order, ECF No. 12). Judge Salas found, generally, that Plaintiff could not challenge his New Jersey state court criminal conviction in federal court via a claim under 42 U.S.C. § 1983. (Jan. 23, 2018 Opinion at 4-5, ECF No. 11). Turning to Plaintiff's § 1983 claims against specific defendants, Judge Salas dismissed Plaintiff's claims against the Office of the Public Defender (the entity was not amendable to suit under § 1983), Judge Ravin (His Honor had absolute immunity from suit for the conduct alleged), Assistant Public Defender Bilotta (Bilotta was not acting under color of state law when defending Plaintiff, and Plaintiff had not sufficiently exhausted his state court remedies vis-à-vis ineffective assistance of counsel to justify a federal habeas petition), and prosecutor Paul Bradley (Bradley also enjoyed absolute immunity from suit for the acts in question) with prejudice. (Id. at 6-9). Judge Salas also dismissed with prejudice Plaintiff's claims against Defendant Cronin, to the extent those claims were based on Cronin's testimony at trial. (Id. at 9-10). To the extent Plaintiff's claims against Cronin were premised on Cronin's non-testimonial conduct, Judge Salas dismissed those claims without prejudice, as Plaintiff had not pled that his state court conviction had been overturned and, therefore, he could not maintain a § 1983 claim for malicious prosecution (and it was unclear what sort of claim Plaintiff might otherwise have intended to assert). (Id. at

10-11). Judge Salas dismissed Plaintiff's claims against Detective Lovejoy, without prejudice, for failure to state a cognizable claim for relief. (Id. at 11-14). Finally, Judge Salas gave Plaintiff leave to file an Amended Complaint that addressed the deficiencies in the claims Her Honor had dismissed without prejudice. (Jan. 23, 2018 Order at 2, ECF No. 12; Feb. 15, 2018 Order, ECF No. 14).

On March 19, 2018, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 15). In his proposed amended pleading, Plaintiff sought to assert a series of claims against Defendants Lovejoy, Cronin, Bradley, and Bilotta. (See generally id.). Judge Salas denied Plaintiff's motion by Order dated December 19, 2018. (ECF No. 17). In so doing, Judge Salas observed that Plaintiff once again improperly sought to challenge the validity of his state court conviction, and reiterated that he could not do so in a civil action seeking relief pursuant to § 1983. (Dec. 19, 2018 Opinion at 3). With regard to Defendant Bilotta, Judge Salas noted that, to the extent Plaintiff's causes of action might be construed as a Sixth Amendment claim for ineffective assistance of counsel, Her Honor had already dismissed that claim with prejudice. (Id. at 4). Judge Salas further found that Plaintiff's remaining claims against Bilotta appeared to involve state law causes of action, and Her Honor declined to exercise supplemental jurisdiction over those claims. (Id.). Judge Salas reiterated that Her Honor had already dismissed Plaintiff's claims against Defendant Bradley on immunity grounds, and dismissed Plaintiff's re-pled claims for the same reasons. (Id.). Concerning Defendant Cronin, Judge Salas noted that Plaintiff had raised only state-law claims against her and declined to exercise supplemental jurisdiction over those claims. (Id. at 5).[1] Finally, Judge Salas found that, despite adding various factual allegations, Plaintiff had

---

[1] Referencing Her Honor's previous finding that Plaintiff had failed to plead a valid malicious prosecution claim against Cronin under § 1983, Judge Salas observed that Plaintiff once again failed to allege that his conviction had been successfully overturned; a prerequisite to asserting a

3

once again failed to assert a valid Fourteenth Amendment claim against Defendant Lovejoy. (Id. at 5-6). Judge Salas also declined to exercise supplemental jurisdiction over any state law claims embedded within Plaintiff's allegations regarding Lovejoy. Judge Salas directed that "Plaintiff shall be given one final opportunity to sufficiently state a claim against [Cronin and Lovejoy] by filing a final proposed amended complaint that is subject to screening, should Plaintiff elect to do so." (Id. at 6).

On January 23, 2019, Plaintiff filed another motion for leave to amend his Complaint. (ECF No. 18). In his proposed amended pleading, Plaintiff has dropped his claims against Bilotta and the Office of the Public Defender, restated his claims against Lovejoy and Cronin, and added claims against Officer Alton Faltz of the Newark Police Department, Detective Anthony Iemmello, and the City of Newark. (See generally, Prop. Am. Compl., ECF No 18).

## II. DISCUSSION

### a. Standard of Review

Plaintiff, an inmate at New Jersey State Prison, is proceeding in forma pauperis in this matter. His claims are therefore subject to the Prison Litigation Reform Act, which provides, in pertinent part, that the Court "shall dismiss the case at any time if the court determines that . . . [the case] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing

---

malicious prosecution claim pursuant to 42 U.S.C. § 1983. (Id.) (citing Jan. 23, 2018 Opinion at 11, ECF No. 11).

4

Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)). To pass muster under that standard, " a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

As noted above, Judge Salas screened the two prior versions of Plaintiff's complaint for sufficiency as required under the Prison Litigation Reform Act, dismissing both for failure to state a cognizable claim for relief. This Court will evaluate the sufficiency of Plaintiff's latest proposed pleading, taking special care to maintain consistency with Judge Salas's prior determinations.

### b. **Plaintiff's Proposed Claims Against Officer Faltz and Detective Lovejoy**

Plaintiff alleges that Officer Faltz, Detective Lovejoy, and, in turn, the Newark Police Department, are liable under 28 U.S.C. § 1983 for depriving Plaintiff of his substantive due process rights in violation of the Fourteenth Amendment. (Prop. Am. Compl. at 1-3, ECF No. 18). In essence, Plaintiff alleges that Faltz and Lovejoy neglected to take sufficient steps to detain Terrance Everett in advance of the January 7, 2013 altercation that ultimately led to Everett's death and Plaintiff's arrest. (Id.). For instance, Plaintiff alleges that he called the Newark Police Department on December 29, 2012 to report that Everett and an accomplice came to Plaintiff's residence and assaulted Plaintiff and his fiancé. (Id. at 1). Plaintiff alleges that Officer Faltz took the report, and that Officer Faltz and Detective Lovejoy thereafter wrongfully neglected to apprehend Everett (a "seven time felon" who, by assaulting Plaintiff, also violated the terms of his bail), which, in turn, allowed Everett to initiate the confrontation that led to Plaintiff's arrest. (Id.). These allegations are functionally identical to those that Plaintiff previously raised against

5

Detective Lovejoy, and that Judge Salas twice considered and rejected as facially deficient. (Jan. 23, 2018 Opinion at 11-14, ECF No. 11; Dec. 19, 2018 Opinion at 5-6, ECF No. 16). As in the previous iterations of his Complaint, Plaintiff's allegations against the officers are premised on their alleged inaction: a failure to arrest Terrence Everett prior to January 7, 2013. Those claims fail for the same reasons that Judge Salas set forth in Her Honor's Opinions dated January 23, 2018, (ECF No. 11), and December 19, 2018. (ECF No. 16). Judge Salas has already declined to exercise supplemental jurisdiction over any state law claims embedded within Plaintiff's allegations, and this Court would do the same.

### c. Plaintiff's Proposed Claims Against Detective Iemmello and Assistant Medical Examiner Dr. Cronin

Plaintiff alleges that, on January 7, 2013, Detective Anthony Iemmello arrived at the scene of the altercation between Plaintiff and Terrence Everett and obtained a video recording that showed "Plaintiff brutally stomping Everett on his head". (Prop. Am. Compl. at 3-4, ECF No. 18). Plaintiff alleges that Iemmello then showed that video to Assistant Medical Examiner Dr. Leanne Cronin, who improperly relied upon it when preparing her report on Everett's autopsy. (Id. at 4) ("There was no need for Dr. Cronin to view the video before, during, or after performing the autopsy and by doing so only prejudiced her opinion/decision when declaring the cause of death."). Plaintiff alleges that, through these actions, Iemello and Cronin conspired "to falsify a medical report to promote a murder charge against the Plaintiff." (Id.). Based on those allegations, Plaintiff seeks to assert malicious prosecution claims against both Iemmello and Cronin pursuant to 42 U.S.C. § 1983. (Id. at 5).

While Plaintiff's claims against Defendant Iemmello are new, Judge Salas previously dismissed Plaintiff's malicious prosecution claim against Defendant Cronin. In Her Honor's January 23, 2018 Opinion, Judge Salas recounted the elements of such a claim, observing:

> To prevail on a § 1983 claim for malicious prosecution, a Plaintiff must show: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."

(Jan. 23, 2018 Opinion at 10-11, ECF No. 11) (quoting DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2006)). Judge Salas determined that any malicious prosecution claim against Cronin would fail "because Plaintiff has not shown favorable termination of his criminal proceeding", (id. at 10), and Her Honor dismissed that claim without prejudice "until such time as plaintiff can demonstrate that his conviction has been successfully overturned." (Id. at 11).

Here, Plaintiff's malicious prosecution claims against Defendants Iemmello and Cronin fail for the same reason. Plaintiff has not alleged that his conviction has been overturned, and he has therefore not pled a plausible entitlement to relief on such a claim. To the extent Plaintiff has asserted state law claims against Iemello or Cronin, the Court will decline to exercise supplemental jurisdiction over them.

### d. Monell Claims Against the City of Newark

Plaintiff also seeks to assert claims against the City of Newark pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). (Prop. Am. Compl. at 7-8, ECF No. 18). In support of those claims, Plaintiff alleges:

> Newark established and/or followed policies procedures, customs and/or practices which were the moving force and cause of deprivation of Plaintiff's constitutional rights. Specifically, Plaintiff's Fourth Amendment right against unlawful seizure was violated by a.) the policy of delegating to Defendant Det. Iemmello of the Essex County Prosecutor's Office Homicide Task Force the role of lead detective of Everett's death; b.) the policy of allowing Det. Iemmello to disclose prejudicial evidence to the Doctor delegated for the autopsy in that case to manipulate a FRADULENT murder charge contrary to the results when that evidence should

7

have been impound [sic]; c.) the policy of delegating Defendant Dr. Cronin of the Office of the State Medical Examiners the role of county coroner charged with determining the cause of Everett's death; d.) the policy of allowing Dr. Cronin to perform autopsies without proper knowledge and training and <u>without being a board certified forensic pathologist</u>; e.) the policy of soliciting and offering in criminal investigations the statements of medical professionals pertaining to areas of knowledge in which she lacks license and expertise; f.) the policy of using trickery, duress, fabrication and/or false testimony or evidence in preparing and presenting autopsy reports and medical opinion evidence for use in criminal proceeding; g.) acting with deliberate indifference in training its employees in performing autopsies; h.) the policy of encouraging the prosecuting agency to file criminal charges on a falsely determined cause of death that concurs with the prejudicial evidence which was contrary to the specialist report refuting the cause of death that was known before presentation to the prosecutor including the fact that the determination was made . . . <u>without examining the areas where death occurred</u> (the brain); and i.) the policy of wrongfully continuing the detention of individuals without proper investigation when subsequent information informed Defendant of the wrongful prosecution.

(<u>Id.</u>) (emphases in original).

While Plaintiff has identified what he argues are several problematic city policies or procedures, his claims against Newark nevertheless fail. "Under <u>Monell</u>, 'a municipality may incur liability under § 1983 only when its policy or custom causes a particular constitutional violation.'" <u>Mendez v. Port Auth. of N.Y. & N.J.</u>, Civil Action No. 14-7543 (ES), 2016 U.S. Dist. LEXIS 42157, at *14-15 n.4 (D.N.J. Mar. 30, 2016) (Salas, U.S.D.J.) (quoting <u>Marable v. W. Pottsgrove Twp.</u>, 176 F. App'x 275, 282-83 (3d Cir. 2006)). Therefore, "[i]n determining <u>Monell</u> liability, courts will determine first whether a constitutional injury occurred, and second, whether the injury resulted from a 'policy or custom' of the municipal defendant." <u>Id.</u> at *15. Here, the Court need only consider the first prong of the analysis. As described in detail above, Plaintiff has failed to plead plausible § 1983 claims against any of the individual defendants. Plaintiff's <u>Monell</u> claims against the City of Newark, therefore, necessarily fail as well. To the extent Plaintiff seeks

to allege state law claims against Newark, the Court declines to exercise supplemental jurisdiction over them.

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has again failed to plead a plausible claim for relief against any defendant. As Plaintiff has now had three opportunities to plead his claims, and because Judge Salas explicitly cautioned that this would be Plaintiff's final opportunity to do so, the Court will direct the Clerk of the Court to close this case.

An appropriate form of Order accompanies this Opinion.

*[signature]* 8/23/19
JOSEPH A. DICKSON, U.S.M.J.

cc: Hon. Esther Salas, U.S.D.J.