NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DWAYNE S. JOHNSON,** | **Civil Action No. 16-8879 (ES) (JAD)** |
| **Plaintiff,** | |
| v. | **OPINION** |
| **LAURA BILOTTA, et al.,** | |
| **Defendants.** | |

### JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court by way of Plaintiff's Motion for Reconsideration. (ECF No. 21). In accordance with Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of Plaintiff's submission and the balance of the record for this matter, and for the reasons stated below, Plaintiff's Motion is **DENIED**.

## I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The Court provided a comprehensive summary of the relevant factual and procedural background for this matter in its August 28, 2019 Opinion. (Opinion at 1-4, ECF No. 19). For the sake of brevity, and because Plaintiff is clearly familiar with the contents of that Opinion, the Court incorporates its previous discussion herein by reference. The Court will therefore focus on events that have occurred in the interim.

The Court denied Plaintiff's motion for leave to amend by Opinion and Order dated August 28, 2019. (ECF Nos. 19-20). Moreover, as Plaintiff had already been given three opportunities to plead his claims, and in light of the Hon. Esther Salas, U.S.D.J.'s explicit direction that Plaintiff's

motion would be his final opportunity to do so, the Court directed the Clerk of the Court to close the case. (See Opinion at 9, ECF No. 19). On or about September 30, 2019, Plaintiff filed a motion for reconsideration of this Court's August 28, 2019 decision. (ECF No. 21).

## II.    DISCUSSION

Motions for reconsideration are governed by Local Civil Rule 7.1(i), which requires the moving party to "set[]forth concisely the matter or controlling decisions which the party believes the [Judge] has overlooked." As an initial matter, the Court notes that Plaintiff was required to file any motion for reconsideration on or before September 11, 2019. See L. Civ. R. 7.1(i) (providing that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."). In light of Plaintiff's status as an incarcerated pro se litigant, however, and mindful of the delays he likely faces in sending and receiving mail, the Court will consider Plaintiff's application as if he had filed it in a timely manner.

"'The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.'" Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Brackett v. Ashcroft, No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003) (internal citation omitted). Reconsideration is appropriate only where: (1) there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest justice. See Carmichael v. Everson, et al., 03-4787 (DMC), 2004 U.S. Dist. LEXIS 11742 at *1 (D.N.J. May 21, 2004). The Court will typically grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the application.

<u>Church & Dwight Co, Inc. v. Abbott Labs.</u>, No. 05-2142 (GEB), 2008 U.S. Dist. LEXIS 15619, at * 4 (D.N.J. February 29, 2008). As such, it may ordinarily address only those matters of fact or issues of law that were presented to, but were not considered by, the Court in rendering its decision. <u>Days Inns Worldwide, Inc. v. Ram Lodging, LLC, et al.</u>, No. 09-2275 (SDW), 2010 U.S. Dist. LEXIS 74534, at * 3 (D.N.J. July 19, 2010) (citing <u>SPIRG v. Monsanto Co.</u>, 727 F. Supp. 876, 878 (D.N.J. 1989), <u>aff'd</u>, 891 F.2d 283 (3d Cir. 1989)). Facts that were known at the time of the original application generally may not be introduced for the first time on reconsideration. <u>Id.</u> at * 3.

Furthermore, a motion for reconsideration that merely raises a disagreement with the Court's decision should be denied. <u>Id.</u> The reconsideration process "should not provide the parties an opportunity for a second bite at the apple." <u>Tischio v. Bontex, Inc.</u>, 16 F. Supp. 2d 511, 532 (D.N.J. 1998). Nor should a motion for reconsideration be used to raise new issues with the benefit of "the hindsight provided by the court's analysis." <u>Leja v. Schmidt Mfg., Inc.</u>, No. 01-5042 (DRD), 2008 WL 1995140, at * 3 (D.N.J. May 6, 2008); <u>see</u> <u>also</u> <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994) (efforts to expand "reargument to include matters that were not presented before the court in the original motion, but that were submitted after the motion has been decided have been rejected."); <u>Sherwin-Williams Co. v. TMZ Enters.</u>, Civil Action No. 15-8409 (BRM)(LHG), 2018 U.S. Dist. LEXIS 89522, at *4-5 (D.N.J. May 30, 2018) ("Reconsideration motions may not be used to . . . raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order.").

In seeking reconsideration, Plaintiff separately addresses his claims against every Defendant, indicating his belief as to why the Court's decision was "in error" in each instance. (Pl. Br. at 1-3, ECF No. 21). In so doing, however, Plaintiff essentially summarizes his allegations

against Defendants, without indicating how any aspect of the Court's August 28, 2019 decision might constitute a clear error of law or create a manifest injustice.[1]  (Id.).  Indeed, Plaintiff does not reference that decision at all.  Plaintiff's motion appears to amount to a simple disagreement with the Court's prior determination, which, as noted above, is not a proper basis for seeking reconsideration.

Finally, it appears that Plaintiff may be attempting to use the reconsideration process as another de facto motion for leave to amend.  Along with his motion, Plaintiff has included a proposed "Amended Complaint" that differs significantly from the version this Court considered in its August 28, 2019 decision.  (Compare Jan. 23, 2019 Prop. Am. Compl., ECF No. 18 with Sept. 30, 2019 Prop. Am. Compl., ECF No. 21).  For the reasons set forth in that Opinion (i.e., Plaintiff has already had three opportunities to plead his claims and Judge Salas explicitly cautioned him that he would not get a fourth), this Court declines to consider Plaintiff's new proposed pleading.

## III.    CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration, (ECF No. 21), is **DENIED**. An appropriate form of Order accompanies this Opinion.

JOSEPH A. DICKSON, U.S.M.J.

cc:    Hon. Esther Salas, U.S.D.J.

---

[1] The other two potential bases for reconsideration are inapplicable here, as Plaintiff has not identified any previously unavailable evidence or intervening change in the relevant law.  (See generally Pl. Br., ECF No. 21).